LAW OFFICES OF

# SEEDORF & SCHELD

ATTORNEYS AT LAW
3453 E. TREMONT AVENUE
BRONX, NEW YORK 10465
(718) 828-8270
Fax (718) 824-3355
E-Mail: LAWYER@WWSSLAW.COM

MARC A. SEEDORF
CHARLES J. SCHELD*

_____
• Also admitted in Maryland

WESTCHESTER OFFICE:
45 Main Street
Bedford Hills, New York 10507
(914) 242-0104
Fax (914) 666-4280

April 1, 2008



**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/08

**VIA FEDERAL EXPRESS**
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007
Attn:   Chambers of the Honorable
        Lewis A. Kaplan
        Room 1310

Re:   **Cresta Capital Strategies v.
      Approved Cash Advance Centers
      Index No. 08 CIV. 2399**

Dear Honorable Sir:

My law firm represents defendant Approved Cash Advance Centers, LLC in the above-referenced matter which has been assigned to Your Honor. The case was originally commenced by plaintiff's counsel on or about January 18, 2008 by the filing of a summons and complaint with the Clerk of the Supreme Court for the State of New York in the County of New York. The defendant received a copy of the summons and complaint on February 7, 2008. On March 7, 2008 I filed, inter alia, a Notice of Removal to U.S. District Court based on Diversity.

On March 17, 2008 I received a Notice of Electronic Filing from the Clerk of the Southern District advising that Your Honor had issued an Order relating to the fact that I had not adequately alleged the existence of subject matter jurisdiction in my Notice of Removal in that I had not specifically indicated the citizenship of the various members of the plaintiff and defendant LLCs. The Notice of Electronic Filing indicated that Your Honor's Order included the following language:

> "Absent the filing, on or before 7/25/08, of an amended
> complaint or notice of removal...
> the action will be dismissed or, if removed, remanded."

A copy of the Notice of Electronic Filing dated March 17, 2008 containing this language is enclosed herewith. It was my understanding, based on the date contained in the Order that was sent to me by the Clerk's Office via Notice of Electronic Filing, that an Amended Notice of Removal was not required to be filed before July 25, 2008.

Despite the fact that I believed that I had slightly over four (4) months to file an Amended Notice of Removal, I commenced immediate efforts to ascertain the necessary information referable to the citizenship of the various members of the LLC defendant and LLC plaintiff. These efforts were delayed somewhat by two developments. The first is that my partner's wife died suddenly and unexpectedly on March 13th while undergoing a routine ambulatory surgical procedure. The wake and funeral were held the following week and the office was essentially closed for that period of time.

The second reason for the minimum delay related to the fact that the defendant LLC, Approved Cash Advance Centers, was purchased by another entity named Cash Advance Holdings, Inc. on or about November 9, 2007. This purchase included the membership interests in the LLC. It was agreed in the contract of sale that the old owners of the membership interests would indemnify Cash Advance Holdings and its new owners of any membership for any event that occurred prior to the purchase.

When plaintiff Cresta commenced the action in state court, the closing of sale had already occurred and a representative of the new company, Cash Advance Holdings, notified the old owners that they were obligated to defend, indemnify and hold the new members and new company harmless relating to Cresta's claims. We have contacted the new company, Cash Advance Holdings, to ascertain the citizenship of the new members as of January 8, 2008, date that the suit was commenced. We are in the process of ascertaining who the actual members/owners are, if any, other than Cash Advance Holdings so that this information can be included in our Amended Notice of Removal.

On April 1, 2008, much to my surprise, I received a second Notice of Electronic Filing from the Clerk's Office in this matter indicating that Your Honor had issued an Order remanding this matter back to New York Supreme Court, New York County, based upon defendant's failure to file an Amended Notice of Removal by 3/25/08. A copy of said Notice of Electronic Filing is enclosed herewith.

Upon receipt of Your Honor's Order via Notice of Electronic Filing I immediately contacted both the Clerk's Office and Your Honor's Chambers to ascertain what had happened. The Clerk's Office admitted that their Notice of Electronic Filing of Mach 17th contained the date of 7/25/08 as the date by which an Amended Notice of Removal was to be filed by. Apparently the Clerk's Office misread Your Honor's written Order and mistakenly believed Your Honor's "3" to be a "7" therefore, making the date 7/25/08 rather than 3/25/08 in the Order contained in the Notice of Filing dated March 17, 2008.

It is respectfully requested that Your Honor rescind the Order of 3/31/08 which remanded this matter to New York Supreme and issue a revised Order setting forth a new date by which I must file and serve an Amended Notice of Removal.

Respectfully,

*Charles J. Scheld*

CJS:ch
enc.

cc:   Westerman Ball Ederer Miller & Sharfstein, LLP
      Attorneys for Plaintiff
      170 Old Country Road
      Suite 400
      Mineola, New York 11501
      Attn:   Jeffrey A. Miller, Esq.

**MEMO ENDORSED**

The March 31, 2008 order is vacated, as the failure to amend was partially a product of my penmanship, which resulted in an understandable error. The case will be remanded, however, absent the filing of a sufficient amended notice of removal on or before April 17, 2008.

SO ORDERED
LEWIS A. KAPLAN, USDJ
4/3/08