UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRESTA CAPITAL STRATEGIES, LLC, | ) |
| | ) **Index No. 08 CIV. 2399** |
| Plaintiff, | ) |
| | ) **JUDGE KAPLAN** |
| v. | ) |
| | ) **ANSWER** |
| APPROVED CASH ADVANCE CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

Defendant **APPROVED CASH ADVANCE CENTERS, LLC**, (hereinafter "ACA") by its attorneys, THE LAW OFFICES OF SEEDORF & SCHELD, answering the verified complaint of the Plaintiff herein respectfully shows to this Court and alleges as follows:

**FIRST:** Admits each and every allegation contained in paragraphs designated "1", "2" and "15" of the complaint herein.

**SECOND:** Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "3" of the complaint herein.

**THIRD:** Denies each and every allegation contained in paragraphs designated "5", "6", "10" and "12" of the complaint herein.

**FOURTH:** Denies each and every allegation contained in paragraph designated "4" of the complaint herein except admits that on or about June 1, 2007, CRESTA CAPITAL STRATEGIES, LLC (hereinafter "Cresta") and ACA entered into an agreement with the caption "Investment Banking Agreement" ("the Agreement"), a copy of which was annexed to plaintiff's complaint as Exhibit A.

**FIFTH:** Denies each and every allegation contained in paragraph designated "7" of the complaint herein and respectfully submits that no agreement was reached between ACA and Credit Suisse for financing.

**SIXTH:** Denies each and every allegation contained in paragraph designated "8" of the complaint herein as hypothetical and respectfully submits that no loan transaction with Credit Suisse was agreed to or closed and further respectfully submits that the terms of the Agreement speak for themselves.

**SEVENTH:** Denies each and every allegation contained in paragraph designated "9" of the complaint herein and submits that no agreement was reached between ACA and Credit Suisse for financing.

**EIGHTH:** Denies each and every allegation contained in paragraphs designated "11" and "13" of the complaint herein and respectfully submits that the terms of the Agreement speak for themselves.

**NINTH:** Denies each and every allegation contained in paragraph designated "14" of the complaint herein except admits that ACA has refused to pay Cresta any sum claimed by Cresta and respectfully submits that ACA does not owe any sums to Cresta.

## ANSWERING THE ALLEGED FIRST CAUSE OF ACTION

**TENTH:** Answering paragraph designated "16" of the complaint herein, defendant repeats, reiterates and realleges each and every admission and denial heretofore made in answer to paragraphs designated "1" through "15", inclusive, in the complaint herein.

**ELEVENTH:** Denies each and every allegation contained in paragraphs designated "17", "18", "19" and "20" of the complaint herein.

**TWELFTH:** All other allegations of the complaint herein not admitted, denied or otherwise explained are herewith specifically denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**THIRTEENTH:** That Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**FOURTEENTH:** That the Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**FIFTEENTH:** That Defendant has breached no duty to Plaintiff

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**SIXTEENTH:** That the Plaintiff's claims are barred, in whole or in part, by the failure of the Plaintiff to mitigate any damages allegedly sustained.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**SEVENTEENTH:** That service of process upon this Defendant was insufficient and improper.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**EIGHTEENTH:** That this court lacks personal jurisdiction over the Defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**NINETEENTH:** That Plaintiff failed to perform any obligation which would give rise to the right to receive compensation under the Agreement since no agreement for any financing was ever obtained and consequently, Defendant has no obligation to Plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**TWENTIETH:** That the recovery sought by Plaintiff is contingent upon the completion of a final agreement for financing, and no such final agreement was ever completed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**TWENTY-FIRST:**  That the Agreement was expressly made subject to the "Morgan Keegan Agreement", which related to the sale of Defendant.  That sale was completed, and Plaintiff is not entitled to any recovery.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**TWENTY-SECOND:**  That Plaintiff is barred from any recovery in that no closing occurred with regard to any financing.  A closing was a condition precedent to any recovery by Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

**TWENTY-THIRD:**  That any agreement claimed by Plaintiff to give rise to an obligation of Defendant had terminated of its own accord so as to deny Plaintiff any claim of obligation on the Defendant to it.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

**TWENTY-FOURTH:**  That Plaintiff's claim for liquidated damages represents a penalty and is not legally recoverable.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

**TWENTY-FIFTH:**  That pending further investigation and discovery, Defendant reserves its right to assert all affirmative defenses, or claims, available under the Federal Rules of Civil Procedure.

WHEREFORE, answering Defendant **APPROVED CASH ADVANCE CENTERS, LLC** demands judgment dismissing Plaintiff's complaint as to said answering Defendant together with its costs, disbursements and counsel fees.

Dated: Bronx, New York
April 25, 2008

          Respectfully submitted,
          Law Offices of Seedorf & Scheld
          By: _____
             Charles J. Scheld   0473
          Attorneys for Defendant
          APPROVED CASH ADVANCE CENTERS, LLC
          3453 East Tremont Avenue
          Bronx, New York 10465
          (718) 828-8270

TO:    Westerman Ball Ederer Miller & Sharfstein, LLP
        Attorneys for Plaintiff Cresta
        170 Old Country Road
        Suite 400
        Mineola, New York 11501
        (516) 622-9200

        William T. Alt, Esq.
        Co-Counsel for Defendant ACA
        300 Forest Avenue
        Chattanooga, Tennessee 37405
        (423) 756-7560

        Grant, Konvalinka & Harrison, P.C.
        Co-Counsel for Defendant ACA
        633 Chestnut Street
        Suite 900
        Chattanooga, Tennessee 37450-0900