UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CRESTA CAPITAL STRATEGIES, LLC,        Case No.: 08-2399
                                       (Kaplan, J.)
               Plaintiff,
                                       **AFFIDAVIT OF**
- against –                            **ABRAHAM MIRMAN**

APPROVED CASH ADVANCE CENTERS, LLC,

               Defendant.
----------------------------------------------------------------x

STATE OF NEW YORK   )
                                 )SS.:
COUNTY OF SUFFOLK  )

       ABRAHAM MIRMAN, being duly sworn, deposes and states to the Court as follows:

       1.    I am the Chairman of plaintiff Cresta Capital Strategies, LLC ("Cresta"). As such, I am fully knowledgeable about the facts stated herein. I respectfully submit this affidavit in support of Cresta's motion to disqualify John Anderson, Esq. ("Anderson"), H. Wayne Grant, Esq. ("Grant"), and their law firm, Grant, Konvalinka & Harrison, P.C. ("GKH") from representing defendant Approved Cash Advance Centers, LLC ("ACA" or "defendant") in this action.

       2.    This action arises out of an Investment Banking Agreement (the "Agreement", attached hereto as Exhibit "A") between Cresta and ACA, pursuant to which ACA retained Cresta to procure financing and perform investment banking services for ACA in exchange for compensation.

3. Pursuant to the Agreement, Cresta facilitated and procured for ACA an agreement whereby Credit Suisse Securities (USA) LLC ("Credit Suisse") agreed to provide to ACA a $30,000,000 senior first lien facility.

4. However, ACA terminated the agreement with Credit Suisse and did not close on the transaction. Under the express terms of the Agreement, Cresta was and is entitled to a termination fee and other compensation. *See, e.g.,* Agreement at § 4. ACA, however, refused to pay. Cresta was therefore forced to bring this lawsuit to recover the termination fee and expenses owed by ACA to Cresta under the Agreement. It is my understanding that ACA is represented in this lawsuit by, among others, Anderson and Grant of GKH.

5. I participated in the negotiations with ACA that led to the Agreement, and communicated with ACA during Cresta's performance of the Agreement and during and after ACA's breach of the Agreement. Most of these communications were to and from Anderson and Grant (among others).

6. The Agreement includes Anderson's handwritten notes on several pages. *See* Exhibit "A" at pp. 1-3. He was heavily involved in the negotiation and drafting of the Agreement.

7. After the Agreement was executed, I engaged in extensive email correspondence and other communications with both Anderson and Grant concerning the Agreement. There were more than a thousand emails between Cresta and Anderson's firm – with attachments, this amounted to several thousands of pages of documents exchanged.

8. Anderson and Grant also were in frequent communication with

Credit Suisse, and have important knowledge about the proposed Credit Suisse loan transaction and ACA's termination of that proposed deal.

9. All of these issues are central to this lawsuit. In defending against Cresta's claims in this action, ACA has taken the position that Cresta is not entitled to its termination fee based on ACA's incorrect interpretation of the Agreement, and the intent of the parties in negotiating and entering into the Agreement. These are matters that Anderson and Grant were directly involved with. They will be key witnesses with respect to these issues.

10. Anderson and Grant are material witnesses in this case who will need to be questioned about, among other topics, the terms of the Agreement, the meaning of those terms, whether ACA violated those terms, their dealings with Cresta and their dealings with Credit Suisse. These issues are at the very heart of this case.

**WHEREFORE**, on behalf of plaintiff, I respectfully request that the Court grant this motion in all respects and grant plaintiff such other and further relief as the Court deems just, proper and equitable.

ABRAHAM MIRMAN

Sworn to before me this
16th day of July, 2008

Notary Public

FLORENCE JEAN-JOSEPH
Notary Public, State of New York
No. 41-5010171
Qualified in Queens County
Commission Expires 9/18/2009

116772

3