UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CRESTA CAPITAL STRATEGIES, LLC,            Case No.: 08-2399
                                           (Kaplan, J.)
        Plaintiff,

- against –

APPROVED CASH ADVANCE CENTERS, LLC,

        Defendant.
-----------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO
<u>DISQUALIFY DEFENDANT'S COUNSEL</u>**

**WESTERMAN BALL EDERER MILLER & SHARFSTEIN, LLP**
Attorneys for Plaintiff
170 Old Country Road, Suite 400
Mineola, New York 11501
(516) 622-9200

## **PRELIMINARY STATEMENT**

Respectfully, two of defendant's attorneys -- they have four attorneys in total, from three different firms -- John Anderson, Esq. ("Anderson") and H. Wayne Grant, Esq. ("Grant") and their law firm Grant, Konvalinka & Harrison, P.C. ("GKH") should be disqualified based on the well-settled "advocate-witness rule." As set forth more fully below, Grant and Anderson are key witnesses in this case. Among other things:

- Anderson heavily participated in the negotiating and drafting of the contract that is the subject of this action. **Indeed, Anderson's own handwritten insertions appear on the face of that contract, and defendant has indicated that it is going to rely on its interpretation of Anderson's handwriting in its defense in this action. Anderson and his firm also dealt with Cresta on issues relating to the contract after it was signed, and after defendant breached the contract**;

- Both Grant and Anderson participated in extensive email correspondence and other communications with plaintiff and others (including Credit Suisse) about the contract;

- **Defendant itself has admitted that Anderson will be a witness in the case**. In its Rule 26(a) initial disclosures, defendant identified Anderson as a person with knowledge of relevant and discoverable information; and

- Anderson recently appeared at a Court-ordered settlement conference on behalf of defendant **and identified himself as the "client"**.

For these and other reasons, disqualification is warranted. Further, such disqualification will not cause any undue prejudice to defendant. If this motion is granted, defendant will still be represented by two other attorneys from two other law firms. Thus, defendant will not have to incur any additional time or expense to find new counsel. Respectfully, plaintiff's motion to disqualify Anderson, Grant and GKH should be granted.

## FACTUAL BACKGROUND

This action arises out of an Investment Banking Agreement (the "Agreement", attached to plaintiff's moving papers as Exhibit "A") between plaintiff Cresta Capital Strategies, LLC ("Cresta") and defendant Approved Cash Advance Centers LLC ("ACA"), pursuant to which ACA retained Cresta to procure financing and perform investment banking services for ACA in exchange for compensation. *See* Accompanying Affidavit of Abraham Mirman ("Mirman Aff.") at ¶ 2.

Pursuant to the Agreement, Cresta facilitated and procured for ACA an agreement whereby Credit Suisse Securities (USA) LLC ("Credit Suisse") agreed to provide to ACA a $30,000,000 senior first lien facility. *See* Mirman Aff. at ¶ 3.

However, ACA terminated the agreement with Credit Suisse and did not close on the transaction. *See* Mirman Aff. at ¶ 4. Under the express terms of the Agreement, Cresta was and is entitled to a termination fee and other compensation. *See, e.g.*, Agreement at § 4. ACA, however, refused to pay. *See* Mirman Aff. at ¶ 4. Cresta was therefore forced to bring this lawsuit to recover the termination fee and expenses owed by ACA to Cresta under the Agreement.

Anderson represented ACA in the negotiations leading up to the Agreement and thereafter. *See* Mirman Aff. at ¶¶ 5-6. Anderson also heavily participated in the drafting of that Agreement. In fact, his handwritten notes appear on several pages. *See id.*; Agreement at pp. 1-3. **This handwritten language by Anderson will likely be an important issue in the case**. Anderson's handwriting relates to ACA's purported defense based on the so-called "Morgan Keegan Agreement", which concerned a potential sale of the membership interests in ACA. ACA is apparently relying on

Anderson's handwritten insertions to avoid its contractual obligations to Cresta. **<u>Indeed, ACA has recently served a set of interrogatories (Exhibit "B" to Cresta's moving papers), two of which specifically ask for Cresta's interpretation of Anderson's own handwriting on the Agreement</u>**. *See* Exhibit "B" to Cresta's moving papers at interrogatories 4 and 5.[1]

Thus, since ACA itself is making an issue of Anderson's handwritten insertions into the Agreement, and how such language should be construed, Anderson is unquestionably a vital witness on these issues.

Anderson and his firm continued their involvement long after he added his handwritten language to the Agreement. After the Agreement was executed, Anderson and Grant continued to deal with Cresta frequently on issues relating to the Agreement, Cresta's performance under the Agreement, the interpretation of the Agreement, and ACA's breach of the Agreement.

Indeed, Abraham Mirman of Cresta engaged in extensive email correspondence and other communications with both Anderson and Grant with respect to the Agreement. *See* Mirman Aff. at ¶ 7. There were more than a thousand emails between Cresta and Anderson's firm – with attachments, this amounted to several thousands of pages of documents exchanged. *Id.* Anderson and Grant also were in frequent communication with Credit Suisse, and have important knowledge about the proposed Credit Suisse loan transaction and ACA's termination of that proposed deal. *See* Mirman Aff. at ¶ 8.

---

[1] ACA's interrogatories are improper because, among other reasons, they are clearly beyond the scope of permissible interrogatories allowed by Local Civil Rule 33.3. Nevertheless, the interrogatories further demonstrate why Anderson will be a key witness in this action and should therefore be disqualified as attorney for ACA.

4

All of these issues are central to this lawsuit. In defending against Cresta's claims, ACA has taken the position that Cresta is not entitled to its termination fee based on an incorrect interpretation of the Agreement -- including the construction of Anderson's very own handwritten insertions -- and the intent of the parties in negotiating and entering into the Agreement. These are matters that Anderson and Grant were directly involved with. They will be key witnesses with respect to these issues.

At a minimum, Anderson and Grant will need to be deposed and questioned about, among other topics, the terms of the Agreement, the meaning of those terms, whether ACA violated those terms, their dealings with Cresta and their dealings with Credit Suisse. These are the issues at the very heart of this action.

**Significantly, ACA itself admits that Anderson is a key witness in this case.** In its Rule 26(a) initial disclosures, ACA identified Anderson as an individual having knowledge of relevant and discoverable information. *See* Exhibit "C" to plaintiff's moving papers (at Exhibit "A" thereto). Specifically, ACA admitted that Anderson "was a member of his law firm (GKH) that acted as legal counsel in several matters that related to the business of ACA. He was personally involved in meetings and discussions with representatives of Cresta and those of Credit Suisse." *Id*. This admission by ACA – that Anderson is a material witness – mandates disqualification.

**Moreover, Anderson has himself admitted to the Court that he is, in effect, the principal of ACA.** On June 30, 2008, we appeared for a settlement conference before Magistrate Judge Peck, who had ordered counsel to appear with our respective clients. In violation of that directive, no formal principal of ACA appeared. (This is the subject of a pending motion for sanctions against ACA for its disregard of Magistrate

5

Judge Peck's order.[2])  Yet, at that conference, **Anderson identified himself as the "client"**.  This says it all.

Respectfully, since Anderson and Grant are important witnesses in this litigation, they must be disqualified from representing ACA, and their law firm, GKH, must be disqualified as well.

## LEGAL ARGUMENT

### POINT I

### ANDERSON, GRANT, AND GKH MUST BE DISQUALIFIED FROM REPRESNETING DEFENDANT IN THIS LITIGATION

New York Disciplinary Rule 5-102 provides that a lawyer must withdraw from representing his client when it becomes clear that he will be called as a witness on a significant issue of fact.  This is true regardless of whether or not the lawyer will be called as a witness on behalf of his client:

> (a) A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before a tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client . . . .
>
> (b) **Neither a lawyer nor the lawyer's firm** shall accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer **or another lawyer in the lawyer's firm** may be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony would or might be prejudicial to the client.
>
> (c) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue

---

[2] Cresta complied with Magistrate Judge Peck's order.  In fact, three representatives of Cresta appeared at the settlement conference.  The conference, however, was not productive because no formal principal of ACA showed up.

on behalf of the client, **the lawyer shall not serve as an advocate on issues of fact before the tribunal** . . . .

(d) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent the testimony is or may be prejudicial to the client **at which point the lawyer and the firm must withdraw from acting as an advocate before the tribunal.**

22 NYCRR § 1200.21 (emphasis added).[3]

This rule mandates disqualification of Anderson, Grant and GKH. As set forth above, Anderson heavily participated in the negotiation and drafting of the Agreement -- Anderson's own handwritten notes are on the executed Agreement. Furthermore, both Anderson and Grant engaged in extensive email correspondence and other communications with Cresta about the Agreement during and after Cresta's performance, and after ACA breached. They also dealt with Credit Suisse regarding the proposed loan transaction procured by Cresta, which ACA terminated. Their testimony will therefore be vital on, among other things, the main issue of how the Agreement should be properly interpreted and whether Cresta is entitled to compensation based on the fact that ACA walked away from the Credit Suisse transaction.

**ACA's own admissions further confirm that disqualification is appropriate.** Not only did ACA identify Anderson as a key witness in its initial disclosures, but Anderson also referred to himself as the "client" at the settlement conference. ACA also served interrogatories asking Cresta for its interpretation of Anderson's own handwritten

---

[3] Although New York's Disciplinary Rules are not technically binding on the Federal courts with respect to disqualification motions, "the Court refers to these rules . . . for guidance," and "this Court requires that attorneys adhere to New York's Disciplinary Rules. *See* S.D.N.Y. Local Civ. R. 1.3, 1.5." *Papyrus Tech. Corp. v. N.Y. Stock Exchange, Inc.*, 325 F. Supp.2d 270, 276 (S.D.N.Y. 2004).

insertions into the Agreement. Thus, ACA knows full well that Anderson is a material witness and cannot argue otherwise.

In similar cases, this Court has held that both the attorneys involved **and their law firm** must be disqualified under such circumstances. *See Acme Analgesics, Ltd. v. Lemmon Co.*, 602 F. Supp. 306, 307 (S.D.N.Y. 1985) (holding that defendants were entitled to the disqualification of the attorney and his law firm representing plaintiff, a corporation of which the attorney was an officer and major shareholder, where the attorney "negotiated, executed, and administered the contract upon which this action is based, and further, that he is a material, if not the key, witness upon a trial"). *See also Tiuman v. Canant*, No. 92 Civ. 5813, 1994 WL 198690, at *4 (S.D.N.Y. May 19, 1994) (disqualifying attorney who "negotiated and executed" the promissory note at issue because that attorney "has unique knowledge about the parties' decision to enter into a settlement and execute a promissory note").

Courts have even applied this rule where it would work to deprive an attorney who was the sole shareholder of a corporation of her right to appear *pro se. Gasoline Expwy, Inc. v. Sun Oil Co. of Pa.*, 64 A.D.2d 647, 648, 407 N.Y.S.2d 64, 65 (2d Dep't 1978) (disqualifying attorney who was sole shareholder of plaintiff close corporation where attorney, in her capacity as president of the corporation, "negotiated and signed the contracts which are the subject of this dispute," and it was "evident that her testimony will be of primary importance in proving the plaintiff's case").

Since Anderson and Grant must be disqualified from representing ACA, GKH must be disqualified as well. *See, e.g., Home Mortgage Corp. v. Saxon Equities Corp.*,

241 A.D.2d 511, 661 N.Y.S.2d 27, 28 (2d Dep't 1997) (holding that law firm was properly disqualified where "at least one firm member's testimony was necessary").

## POINT II

### ACA WILL NOT SUFFER PREJUDICE FROM THE DISQUALIFICATION OF ANDERSON, GRANT AND GKH

ACA will not be unduly prejudiced if this motion is granted. If the Court disqualifies Anderson, Grant and GKH (as it should), ACA will not be left without an attorney. On the contrary, ACA is currently represented by **three** law firms in connection with this litigation. In addition to GKH, ACA is represented by William T. Alt, P.C. and Seedorf & Scheld. So ACA will not be forced to seek new counsel.

Indeed, in *Acme Analgesics*, this Court disqualified plaintiff's attorney and the attorney's law firm even though the plaintiff claimed a "'substantial hardship,' due to legal expenses if it is required to obtain other counsel," (which is clearly not the case with ACA). *Acme Analgesics*, 602 F. Supp. at 307. The Court emphasized that the "amounts involved in the contract at issue and the plaintiff's claim for damages are substantial," which is also true here. *Id.* This dispute arises from an aborted $30 million transaction (the deal with Credit Suisse procured by Cresta and terminated by ACA) with almost $1.2 million (the amount of the termination fee and other expenses owed to Cresta under the Agreement) at stake in this litigation.

Thus, ACA cannot claim a hardship here and, even if it could, disqualification is still warranted.

## CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests that the Court grant plaintiff's motion in its entirety and grant plaintiff such other relief as it deems just, proper and equitable.

Dated: July 15, 2008

>Respectfully submitted,
>
>WESTERMAN BALL EDERER MILLER & SHARFSTEIN, LLP
>
>By: _____
>Jeffrey A. Miller, Esq. (JM 6352)
>170 Old Country Road, Suite 400
>Mineola, New York 11501
>(516) 622-9200
>*Attorneys for Plaintiff*

116806

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CRESTA CAPITAL STRATEGIES, LLC,

                                Plaintiff,                          Case No.: 08-CIV-2399
                                                                  (Kaplan, J.)

    -against-

                                                                  **AFFIDAVIT OF SERVICE**

APPROVED CASH ADVANCE CENTERS, LLC,

                                Defendant.
------------------------------------------------------------------X

STATE OF NEW YORK )
                         ) ss.:
COUNTY OF NASSAU )

    LISA MEISSNER, being duly sworn, deposes and says:

    I am not a party to this action, am over 18 years of age and reside in the County of Nassau in the State of New York; and

    On July _15_, 2008, I served a true and correct copy of **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL** by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York upon:

Grant, Konvalinka & Harrison, P.C.
John Anderson, Esq.
H. Wayne Grant, Esq.
Ninth Floor, Republic Centre
Chattanooga, Tennessee 37450
(423) 756-8400
*Attorneys for Defendant*

William T. Alt, Esq.
300 Forest Avenue
Chattanooga, Tennessee 37405
(423) 756-7560
*Attorneys for Defendant*

Law Offices of Seedorf & Scheld
Charles J. Scheld, Esq.
3453 East Tremont Avenue
Bronx, New York 10465
(718) 828-8270
*Attorneys for Defendant*

                                                                    /s/ Lisa Meissner
                                                                 LISA MEISSNER

Sworn to before me this
_15_ day of July, 2008

/s/ Florence Jean-Joseph
Notary Public

FLORENCE JEAN-JOSEPH
Notary Public, State of New York
No. 41-5010171
Qualified in Queens County
Commission Expires 9/18/2009