UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CRESTA CAPITAL STRATEGIES, LLC,                  Case No.: 08-2399
                                                 (Kaplan, J.)
                Plaintiff,                 (Peck, M.J.)

  - against -

APPROVED CASH ADVANCE CENTERS, LLC,

                Defendant.
----------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

**WESTERMAN BALL EDERER MILLER & SHARFSTEIN, LLP**
Attorneys for Plaintiff
170 Old Country Road, Suite 400
Mineola, New York 11501
(516) 622-9200

## BACKGROUND

On June 23, 2008, Your Honor issued an Order For Settlement Conference (the "Order", attached to plaintiff's moving papers as Exhibit "A") directing that, among other things:

> A settlement conference is scheduled for June 30, 2008 at 11:00 a.m. before Magistrate Judge Andrew J. Peck. . . . Counsel attending the conference must have full settlement authority **and their client(s) must be present at the conference**, as must a representative of the client's insurance company where the decision to settle and/or amount of settlement must be approved by the insurance company.

*See* Exhibit "A" (emphasis added).

In addition to the Order, all counsel also received specific instructions by telephone from Your Honor's Chambers as to the date and time of the conference along with the **specific direction that the parties themselves must attend**. *See* Affidavit of Jeffrey A. Miller, Esq. ("Miller Aff.") at ¶ 3.

On June 30, 2008, along with its attorney, **three** representatives of plaintiff Cresta Capital Strategies, LLC ("Cresta") with full settlement authority appeared at the settlement conference: Abraham Mirman, Michael Mirman, and Jonathan Loew. *See* Miller Aff. at ¶ 4. However, while defendant's counsel appeared at the conference, **nobody from defendant Approved Cash Advance Centers, LLC ("ACA") appeared**. Instead, one of ACA's attorneys, John Anderson, Esq., identified himself as "the client." *See* Miller Aff. at ¶ 5.

Since ACA flagrantly violated the Order, the settlement conference was unproductive. While ACA failed to show up, Cresta had three of its people appear, and was forced to waste its time and spend legal fees and expenses. Based on ACA's

2

violation of the Order, Cresta respectfully requests that sanctions be imposed against ACA and/or its attorneys.

## LEGAL ARGUMENT

Rule 16(f) of the Federal Rules of Civil Procedure provides, in relevant part, that "the Court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). That same rule also requires the Court to "order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the non-compliance was substantially justified or other circumstances make an award of expenses unjust." Fed R. Civ. P. 16(f)(2).

Your Honor has recognized that "Rule 16(f), Fed.R.Civ.P., authorizes the Court to impose such sanctions 'as are just' on a party (or its counsel) for failure to obey scheduling orders, including orders to appear at a conference." *Dan River, Inc. v. Crown Crafts, Inc.*, No. 98-CIV. 3178, 1999 WL 287327, at *2 (S.D.N.Y. May 7, 1999) (Peck, M.J.). *See also Mordechai v. St. Luke's-Roosevelt Hosp. Ctr.*, No. 99CIV3000, 2001 WL 699062, at *2 (S.D.N.Y. June 20, 2001) ("Although a court may not require litigants to settle an action, it is well-established that a court may require parties to appear for a settlement conference, and that it is entirely appropriate for a court to impose sanctions pursuant to Rule 16(f) if a party fails to do so.") (Katz, M.J.).

Clearly, Mr. Anderson appearing at the settlement conference and identifying himself as "the client" was not in compliance with Your Honor's Order. Notably, in *Dan River*, Your Honor did not accept the client's "in-house counsel" as a suitable client representative at the settlement conference where Your Honor had previously ordered

3

that the client's CEO attend. The same logic should, most respectfully, apply here, and Your Honor should sanction defendant and/or its counsel accordingly.

In connection with its attorney appearing at the conference, Cresta has incurred $4,365.00 in legal fees. A copy of Cresta's counsel's invoice for the time related to the settlement conference is attached as Exhibit "B" to Cresta's moving papers. *See* Miller Aff. at ¶ 8. Cresta respectfully requests that sanctions be awarded in this amount.

## **CONCLUSION**

For all of the foregoing reasons, plaintiff respectfully requests that the Court grant plaintiff's motion in its entirety and grant plaintiff such other relief as it deems just, proper and equitable.

Dated: July 16, 2008

          Respectfully submitted,

          WESTERMAN BALL EDERER MILLER &
          SHARFSTEIN, LLP

By: _____
          Jeffrey A. Miller, Esq. (JM 6352)
          170 Old Country Road, Suite 400
          Mineola, New York 11501
          (516) 622-9200
          *Attorneys for Plaintiff*

116919-2