UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK           08 CIV 2399

----------------------------------------------------------X   (Kaplan, J.)
CRESTA CAPITAL STRATEGIES, LLC,               (Peck, Andrew J.)

                 Plaintiff,               RESPONSE TO
- against -                           PLAINTIFF'S MOTION
                                   FOR SANCTIONS

APPROVED CASH ADVANCE CENTERS, LLC

                 Defendant.
----------------------------------------------------------X

    COMES NOW, Approved Cash Advance Centers, LLC ("ACA"), defendant in the above styled-action, and respectfully submits the following response in opposition to plaintiff's Motion for Sanctions (Doc. 24).

    The present Motion is grounded on the claim that there was an intentional violation of the Court's order to have present at the Settlement Conference "the client". Movant, by presuming such a finding will be made, proceeds then to opine that "the settlement conference was largely unproductive", which resulted in a waste of time and incurring of legal fees and expenses (paragraph 7 of the affidavit of Jeffery A. Miller given in support of the Motion, Doc. 25).

    It is respectfully submitted that the instant motion should be denied for the following reasons:

    1. The court was informed that ACA had been sold and that the present defense is being made as a result of the indemnification clause of the sales contract that addressed claims arising from events that proceeded the date of the sale. Therefore, the "client" was seen to be the indemnifying party and not a present representative of the limited liability company, none of whom would have any direct knowledge as to the matters involved in the instant dispute.

    2. The person who was scheduled to be present at the conference on behalf of the past members of the limited liability company had undergone minor surgery that resulted in life threatening complications and necessitated a second surgical procedure on Friday June 27, 2008.[1] This was

---

[1] The unexpected occurrence learned at the commencement of the weekend prior to the scheduled conference on Monday denied seeking any extension as reasonably in advance of the scheduled conference. Individual Practices, ¶ 1(E). Giving notice on Monday was seen as being disruptive to the Court and opposing counsel. In view of Mr. Anderson's knowledge of the matter, his position with ACA before the sale and receiving full authority to settle, it was viewed as the most practical means to adhere to the obligations of the Court's order.

on the eve of the conference to be held in New York. See Affidavit of Steve A. McKenzie attached.

    3. Mr. Anderson was an officer of ACA before it was sold. He served as Assistant Secretary. He attended the conference as the client's representative and possessed full settlement authority. See Affidavit of John R. Anderson attached.

    4. The Court agreed to proceed to conduct the conference and to meet with Mr. Anderson and counsel for the defendant. After several conferences with the representatives of the respective parties, in which offers of settlement were made, the Court concluded that the positions held as to the respective settlement amounts, based upon each party's view of the case, did not present a possible common ground that would result in a settlement.

    While the affidavit of Mr. Miller given in support of the present motion states he is fully knowledgeable about the facts recited in his affidavit, certainly his opinions set out in the affidavit: (a) that under the particular circumstances in this matter there was a failure of compliance with the Court's order on the part of the defendant; and, (b) such failure caused the settlement conference to be "largely unproductive", are not facts, but are conclusions solely within the province of this Court to determine.

    It is submitted that defendant did not fail to comply with the Court's order, but sought to comply with the schedule made by the Court. It sought to avoid postponing the scheduled conference by circumstances not within its control and which occurred on the eve of the scheduled conference. Mr. Anderson came to the conference vested with full authority to settle. He was completely knowledgeable about the facts of the case [2]. The fact that Mr. Anderson traveled to New York from Tennessee in the company of two attorneys of record, would reflect that he was there as the client's representative. It demonstrates the good faith effort of defendant to comply with this Court's order.

    Movant cites this Court's ruling in *Dan River, Inc. v. Crown Crafts, Inc.*, NO. 98-CIV-3178, 1999 WL 287327 (S.D.N.Y.,1999), but it is distinguishable from the factual situation in the present case. In that case, during a preliminary settlement conference, the Court as part of scheduling the next settlement conference directed all counsel to have their client

---

[2] Despite Mr. Anderson not being an attorney of record for defendant, the plaintiff has filed another motion that seeks to disqualify Mr. Anderson as counsel representing the defendant on the basis of his involvement in the disputed transaction. In his supporting affidavit, Mr. Miller observes: "He [Mr. Anderson] personally dealt with Cresta throughout this time on matters going to the heart of this transaction." (Miller affidavit, dated July 15, 2008, par. 6, appended hereto as Exhibit A for ease of reference).

present, but specifically ordered Crown Crafts to have its CEO, Michael Bernstein, present at the second conference.

Mr. Bernstein failed to attend the subsequent conference and the Court, while noting there was a change of counsel in the interim, nevertheless felt any "communication gap" was the responsibility of Crown Crafts' counsel and was ultimately the responsibility of Crown Craft. It then stated at the conference that it was inclined to sanction Crown Craft.

The present case does not involve a specific person having been ordered by the Court to attend the settlement conference. It did order the client to be present. While movant wishes to claim Mr. Anderson was not the "client", it offers no justification for that position. The Court met with Mr. Anderson and counsel representing ACA in conference. In Mr. Anderson's discussion with the Court he spoke candidly of the practical business aspects involved with the litigation that indicated settlement as the logical choice on the part of both parties. As the Court may recall, Mr. Anderson sought leave of the Court during one of the conferences in order to discuss with his counsel the terms of the settlement proposal he made to the Court. The Court alone is in the best position to weigh the efforts of defendant and its good faith to see that the conference proceeded as scheduled and with someone with authority to achieve settlement. It is submitted that the failure to achieve a settlement was due to the parties being too far apart and for no other reason. Indeed the Court in its opening remarks noted that the settlement memoranda were not an encouraging sign that there could be a successful outcome to the conference.

The movant has also cited *Mordechai v. St. Luke's –Roosevelt Hosp. Center,* No. 99CIV3000RWSTHK, 2001 WL 699062 (S.D.N.Y., 2001). *Mordechai* involved a scheduling conference in which plaintiff did not appear and his counsel stated he was not provided any authority to settle the action. A subsequent order scheduled a second conference. It was followed by an order rescheduling the second conference. Both of the later orders stated that failure to attend could result in sanctions. The plaintiff failed to attend the second settlement conference and no explanation for the nonappearance was given. These circumstances led to the Court to impose sanctions.

Contrary to the facts in *Mordechai* the defendant did have the representative for the client at the only settlement conference scheduled in this matter and that representative possessed complete authority to settle.

The cases suggest that sanctions are found appropriate when:

(a) There is a blatant disregard of the Court's orders as occurs when there is no physical attendance by a representative of the client (e.g., *Kelly v. EMI Blackwood Music, Inc.*, 1:07cv2123, 2007 WL 2327059 (S.D.N.Y. 2007), where plaintiff failed to comply with an order to attend a telephonic status conference after previously stating to the Court that he did not have the time or money to participate in the conference call; this was followed by an order to show cause in writing by July 23rd why he should not be sanctioned; Mr. Kelly did not respond; he failed to respond to discovery requests; and, then refused to participate in another scheduled telephonic conference), or,

(b) Where the attending representative does not have complete authority to settle the matter, thereby defeating the objective of the conference (e.g. the client is represented by an attorney who has no knowledge of the case; has no settlement authority from the client; and, the client fails to attend the conference. *Kerestan v. Merck & Co. Long Term Disability Plan;* 20008 WL 2627974 (S.D.N.Y., 2008) and cases cited therein).

The circumstances of the present matter do not call for sanctions. There was a representative on behalf of defendant in attendance who was completely familiar with the facts of the case and had the full authority to agree to settlement of the case. There was no conduct of the defendant that would in any manner be seen as thwarting the objective of the conference, namely the ability to frankly discuss the issues; recognize the position of the opposing side; and, attempt to resolve the dispute based on practical perception of risk and expense.

WHEREFORE, it is submitted that the defendant be found to have complied both with the letter and spirit of this Court's order and that the present motion should be in all respects denied.

Respectfully submitted,

By: /s/ William J. Alt

William T. Alt, NY BPR # 001587
300 Forest Avenue
Chattanooga, Tennessee 37405
(423) 756-7560

Charles J. Scheld
Attorneys for Defendant
Approved Cash Advance Centers, LLC
3453 East Tremont Avenue
Bronx, New York 10465
(718) 828-8270

s/William T. Alt
Bar No. 001587
Attorney for Defendant
Approved Cash Advance Centers, LLC
300 Forest Avenue
Chattanooga, Tennessee 37405
Phone: (423) 756-7560
Fax: (423) 756-0975
E-mail address: w.alt@att.net

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2008, I electronically filed the foregoing Response to Plaintiff's Motion for Sanctions with Exhibit A with the United States District Court, Southern District of New York by using the CM/ECF system which will send a notice of electronic filing to the following: Westerman Ball Ederer Miller & Sharfstein, LLP, Jeffrey A. Miller, Esquire, 170 Old Country Road, Suite 400, Mineola, New York 11501. I further certify that I mailed the foregoing Response to Plaintiff's Motion for Sanctions with Exhibit A document by First-Class mail to the following:

Westerman Ball Ederer Miller
 & Sharfstein, LLP
Jeffrey A. Miller, Esq.
170 Old Country Road, Suite 400
Mineola, New York 11501