UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CRESTA CAPITAL STRATEGIES, LLC,

                Plaintiff,

- against -

APPROVED CASH ADVANCE CENTERS, LLC,

                Defendant.
-----------------------------------------------------------------------x

Case No.: 08-2399
(Kaplan, J.)
(Peck, M.J.)

**REPLY AFFIDAVIT OF JEFFREY A. MILLER, ESQ. IN FURTHER SUPPORT OF MOTION FOR SANCTIONS**

STATE OF NEW YORK    )
                             ) ss:
COUNTY OF NASSAU    )

      JEFFREY A. MILLER, being duly sworn, deposes and states:

      1.    I am a partner with the law firm Westerman Ball Ederer Miller & Sharfstein, LLP, counsel for plaintiff Cresta Capital Strategies, LLC ("Cresta"). I respectfully submit this reply affidavit in further support of Cresta's motion for sanctions against defendant Approved Cash Advance Centers, LLC ("ACA") for its failure to appear at the Court-ordered settlement conference on June 30, 2008.

      2.    ACA concedes, as it must, that the Court ordered representatives of the parties themselves to appear at the settlement conference. There is no dispute that the clients needed to be present. ACA maintains, however, that it complied with the spirit of that order because John Anderson, an alleged former officer of ACA, attended the conference. That argument fails for a number of reasons.

      3.    As an initial matter, Mr. Anderson admits that he is no longer affiliated with ACA. At most, he is a former officer. He is not "the client."

4. ACA seems to be arguing that, since the membership interests in ACA were sold, and there is allegedly an indemnification agreement between the current and former owners of the company, then that somehow means that a current representative of ACA did not need to appear at the settlement conference as the Court directed. This is nonsense. Cresta has sued <u>ACA</u> – not the former owners of ACA. <u>ACA</u> is a party to this action – not the former owners of ACA. The Court ordered <u>ACA</u> to attend the conference – not the former owners of ACA. Whether ACA ultimately passes on its liability to others is of no moment, certainly not to Cresta (and not to the Court since the alleged indemnitors are not parties to this action).

5. ACA states in its opposition papers that it had intended for Greg Steele to appear at the conference on behalf of ACA, but that Mr. Steele could not attend for health reasons. <u>Importantly, even if Mr. Steele had appeared, that still would not have complied with Your Honor's directive</u>. As Mr. Anderson admits in his affidavit, Mr. Steele is from a company called "McKenzie Management". *See* Anderson Aff. at ¶ 2. Mr. Steele apparently is not a member or employee of ACA, or otherwise affiliated with ACA. Again, Cresta did not sue "McKenzie Management"; "McKenzie Management" is not a party to this case; and the Court did not order anybody from "McKenzie Management" to appear at the conference.

6. Moreover, even if Mr. Steele was the right person to attend the conference (he was not), once it became apparent that he could not make it, ACA could have and should have notified me (and the Court too), so that we could reschedule. ACA failed to do that.

7. We believe that the Court ordered the parties to be present at the settlement conference for a reason. When the clients are actually together in the same room, there is a greater likelihood of productive dialogue that can lead to settlement. Being face to face with a federal magistrate judge, and hearing that judge's frank views firsthand, can also have an effect on a party's settlement position. ACA violated the Court's order. Respectfully, ACA should be sanctioned.

**WHEREFORE**, on behalf of Cresta, I respectfully request that the Court grant Cresta's motion in its entirety, and grant Cresta such other and further relief as the Court deems just, proper and equitable.

                                                                 */s/ Jeffrey A. Miller*
                                                                 JEFFREY A. MILLER

Sworn to before me this
24th day of July, 2008

    */s/ Florence Jean-Joseph*
NOTARY PUBLIC, State of New York
No. 41-5010171
Qualified in Queens County
Commission Expires 9/18/2009

120265